1
2
3
4  I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
   FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
   (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
5  RECORD IN THIS ACTION ON THIS DATE.
   DATED: 3/27/09
6
   _____
7  DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR 2 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS RAUL MARTINEZ,<br><br>        Petitioner,<br><br>   vs.<br><br>KEN CLARK, Warden,<br><br>        Respondent. | Case No. CV 09-2031-PA (RNB)<br><br>ORDER TO SHOW CAUSE |

On March 20, 2009, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein. Petitioner purports to be challenging a 2002 judgment of conviction sustained in Los Angeles County Superior Court.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[1] 28 U.S.C. § 2244(d) provides:

---

[1] Beeler was overruled on other grounds in Calderon v. United States
(continued...)

1

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, it appears from the face of the Petition that petitioner failed to petition the California Supreme Court for review of the Court of Appeal decision on direct appeal. Under the relevant California Rules of Court, his time for doing so lapsed 40 days after the September 16, 2003 filing of the Court of Appeal decision. See Cal. R. Ct. 8.264(b)(1) [formerly 24(b)(1)] and 8.500(e)(1) [formerly 28(e)(1)]. Thus, for

---

[1](...continued)
District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on October 26, 2003.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). The Court notes in this regard that petitioner did not have a constitutional right to counsel for purposes of filing a Petition for Review in the California Supreme Court. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of right, and no further"). Nor does it appear that petitioner has a basis for contending that any of his non-sentencing error claims (i.e., Grounds one through three of the Petition) is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Moreover, while the sentencing error claim alleged in Ground four purports to be based on the Supreme Court's 2007 decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), petitioner is unable to make the requisite showing under 28 U.S.C. § 2244(d)(1)(C) that this claim is based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In Cunningham, the Supreme Court was merely applying the rule of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as subsequently applied in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to California's determinate sentencing law. See Cunningham, 127 S. Ct. at 864-71; see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir.) (holding that Cunningham did not announce a new rule of constitutional law since "Apprendi, Blakely, and Booker made 'courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found

1  by a jury violate the constitutional rights of defendants."), cert. denied, 129 S. Ct. 767
2  (2008). Petitioner's judgment of conviction became final before Apprendi and the
3  Ninth Circuit has held that neither Blakely nor Booker applies retroactively to cases
4  on collateral review. See United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005),
5  cert. denied, 546 U.S. 1155 (2006); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir.
6  2005), pet. for cert. filed (Nov. 10, 2005) Finally, it is clear that petitioner has no
7  basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D)
8  since petitioner was aware of the **factual** predicate of each of his claims as of the date
9  he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th
10 Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through
11 diligence could discover) the important facts, not when the prisoner recognizes their
12 legal significance").
13       Thus, unless a basis for tolling the statute existed, petitioner's last day to file
14 his federal habeas petition was October 26, 2004. See Patterson v. Stewart, 251 F.3d
15 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.
16       28 U.S.C. § 2244(d)(2) provides:
17       "The time during which a properly filed application for State post-
18       conviction or other collateral review with respect to the pertinent
19       judgment or claim is pending shall not be counted toward any period of
20       limitation under this subsection."
21
22       In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104
23 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to
24 California's post-conviction procedures. The Ninth Circuit held that "the statute of
25 limitations is tolled from the time the first state habeas petition is filed until the
26 California Supreme Court rejects the petitioner's final collateral challenge." See id.
27 at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
28 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's

application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

Here, the only collateral challenges reflected in the Petition are habeas petitions that petitioner filed in turn in Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. Petitioner would not be entitled to any statutory tolling for any of those state habeas petitions, since the first of them was not filed until June 3, 2007, which was long after petitioner's federal filing deadline already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **May 4, 2009**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If petitioner

intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time, and (2) that he has been pursuing his rights diligently. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Beeler, 128 F.3d at 1287-89; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

DATED: March 25, 2009

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE